IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DERRICK ANTWON TRAYLOR,    )
                           )
        Petitioner,        )
                           )
v.                         )    CASE NO. 2:25-cv-00518-RAH
                           )
UNITED STATES OF AMERICA,  )
                           )
        Respondent.        )

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Derrick Antwon Traylor, a prisoner proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 2.) Thereafter, Respondent United States of America filed its Response (Doc. 8), claiming that Traylor's claims are time-barred and lack merit. Upon consideration of the parties' filings, and for the reasons below, Traylor's § 2255 Motion will be denied without an evidentiary hearing as time-barred[1] and therefore will be dismissed with prejudice.

### BACKGROUND

On August 17, 2021, Traylor was one of four defendants charged in a thirteen-count indictment concerning the trafficking of controlled substances into the Alabama state prison system. (Doc. 8-2.) Four of the counts were charged against Traylor—conspiracy to distribute and possess with intent to distribute 50 grams or

---

[1] Since the statute of limitations is dispositive, the Government's other arguments for dismissal will not be discussed.

more of methamphetamine, eutylone and certain synthetic cannabinoids, and three counts of unlawful use of a communication facility. (*Id.*)

On September 20, 2022, Traylor entered into a written plea agreement with the Government. (Doc. 8-3.) In the agreement, Traylor agreed to plead guilty to the drug conspiracy count, and the Government agreed to dismiss the three communication counts and to recommend a bottom of the guideline sentence. (*Id.*) The plea agreement also contained an appeal and collateral attack waiver provision, in which Traylor expressly agreed to waive the right to attack the conviction and sentence in any post-conviction proceeding, including a proceeding under § 2255. (*Id.*)

On September 20, 2022, Traylor appeared before a magistrate judge and after engaging in a colloquy with the judge, pleaded guilty to the drug conspiracy charge. (Doc. 8-4.) At the proceeding, Traylor acknowledged his understanding and agreement to the plea agreement, including the appeal and collateral attack waiver. (*Id.*)

Traylor was sentenced on January 25, 2023. (Doc. 8-5.) At the sentencing, Traylor was found to be a career offender. (*Id.*) He lodged several objections to the presentence report, some of which were sustained. (*Id.* at 60–61.) After receiving credit for acceptance of responsibility, including an early agreement to plead guilty, Traylor's guideline sentence was calculated to be 262 to 327 months. (*Id.* at 62.) Consistent with the Government's recommendation and agreement, Traylor was sentenced to 262 months, a bottom of the guideline sentence. (*Id.* at 81.) Traylor did not appeal.

Traylor filed his § 2255 Motion on July 9, 2025 in his criminal case. (Doc. 2.) By order entered the following date, this civil action was opened and the Motion was docketed as a § 2255 action. The Government has filed a response, stating that Traylor's Motion is untimely and meritless. (*See* Doc. 8.)

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On January 25, 2023, the undersigned sentenced Traylor. (Doc. 8-5.) He did not appeal. His conviction therefore became final when the time for filing a direct appeal expired. And that was fourteen days later on February 8, 2023. *See* Fed. R. App. P. 4(b)(1)(A); *Mederos v. United States*, 218 F.3d 1252, 1252 (11th Cir. 2020). Traylor therefore had until February 8, 2024, to file his § 2255 motion. He did not

timely do so, as he filed his motion over seventeen months later on July 9, 2025.

Traylor argues that the statute of limitations should be equitably tolled. The AEDPA's limitation period may be equitably tolled on grounds other than those in the habeas statute when a movant submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotations and citation omitted). The United States Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citation omitted). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted).

Traylor argues that extraordinary circumstances exist and that he diligently pursued his rights. He claims that he did not act sooner because he "believed he was not able to rightfully appeal his conviction because of the restrictions of The Plea Agreement and the Waiver." (Doc. 12 at 4.) He also claims that, despite his attempts, he was unable to "get a copy of his documents and a copy of a transcript of his sentencing hearing" and that by the time that he was able to contact his family, obtain legal counsel, and obtain his case file and transcripts, the time period for him to file a timely § 2255 motion had passed. (*Id*. at 2.) According to Traylor, once his new counsel was able to obtain and read Traylor's case documents, counsel concluded that Traylor's trial counsel had been ineffective for allowing him to execute a plea

agreement that contained an unenforceable appeal and collateral attack waiver. (*Id.* at 3.)

But this does not show extraordinary circumstances or diligence. Traylor's delay in communicating with his family, in retaining counsel, or in counsel's delay in obtaining a copy of the transcript and case file is not an extraordinary circumstance or due diligence warranting equitable tolling, as access to family, an attorney, a case file, or transcripts is not necessary to file a habeas petition or a § 2255 motion. *See, e.g.*, *Floyd v. Sec'y, Fla. Dept. of Corrs.*, No. 23-13482, 2024 WL 4586612, at *2 (11th Cir. June 3, 2024) (reasonable jurists would not dispute that "a lack of access to legal documents and law libraries does not constitute extraordinary circumstances to warrant equitable tolling"); *Stewart v. Sec'y, Fla. Dept. of Corrs.*, 355 F. App'x 275, 281–82 (11th Cir. 2009) (attorney's failure to return petitioner's case file was, at most, negligent and "not the type of attorney misconduct that will trigger equitable tolling"); *Powe v. Culliver*, 205 F. App'x 729, 735 (11th Cir. 2006) (habeas petitioner's unsupported allegation that trial transcript was necessary to file his state post-conviction petition did not demonstrate due diligence warranting equitable tolling); *Dodd v. U.S.*, 365 F.3d 1273, 1283 (11th Cir. 2004) (petitioner not entitled to equitable tolling due to a lack of access to his papers); *Atkins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000); *Goins v. United States*, No. CV 316-069, 2017 WL 235187, at *1 (S.D. Ga. Jan. 18, 2017) ("Whether Petitioner exercised diligence or not, his inability to obtain documents to assist him in preparing his [habeas] motion did not constitute an extraordinary circumstance warranting equitable tolling."); *Applewhite v. Keller*, No. 5:11–HC–2096–F, 2012 WL 3151573, at *4 (E.D.N.C. Aug. 2, 2012) ("[C]ourts generally recognize that a petitioner's efforts to obtain documents from counsel . . . is not, even where those efforts are thwarted, sufficient to warrant equitable tolling from the standpoint of requisite diligence or 'extraordinary circumstances.'"); *Hall v. Warden, Lebanon*

*Corr. Inst.,* 662 F.3d 745, 750–51 (6th Cir. 2011) ("[A]ccess to the trial transcript—although understandably helpful to petitioners—is not necessary to file a habeas petition, as was demonstrated in the present case by the fact that [the movant] ultimately filed his petition without ever having received the transcript."); *United States v. Oriakhi,* 394 F. App'x 976, 977 (4th Cir. 2010) ("While [the movant] may have subjectively believed that he could not properly file a § 2255 motion without first reviewing his transcript, his unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling."); *see also Fultz v. United States*, No. 2:05cv175-MHT, 2006 WL 3832850 (M.D. Ala. Dec. 28, 2006); *Quinn v. United States*, No. 1:12-cv-719-TCB-JSA, 2012 WL 451133 (N.D. Ga. Sept. 12, 2012).

More importantly, Traylor has not explained why he needed the case file or the transcript of the sentencing or plea hearings when he knew, as of the date that he was sentenced, that he had agreed to an appeal and collateral attack waiver provision as part of his plea agreement and whether he felt that his plea hearing had been rushed. The very basis of Traylor's § 2255 motion—that he was rushed and that his attorney was ineffective for allowing Traylor to waive his right to appeal or collaterally attack his conviction and sentence—was known well within the time for him to timely appeal or to collaterally attack his conviction and sentence. Traylor needed no documents, no case file, no transcript, and no communication with his family or an attorney to make that assertion.

While the Court declines to get into a detailed merits discussion, as the claim is time-barred, the Court notes that appeal and collateral attack waivers are recognized and enforceable in the Eleventh Circuit provided they are entered into knowingly and voluntarily, that they are customarily used and agreed upon in criminal defense cases filed in this District, and that nearly all negotiated plea agreements in this District contain such waiver provisions. *See Williams v. U.S.*, 396 F.3d 1340, 1342 (11th Cir. 2005). Defense counsel is not ineffective for allowing

such a provision to be included in a plea agreement or in recommending that his client accept a plea agreement containing such a provision when the plea agreement otherwise benefits the criminal defendant. That is part of the plea bargaining process. And counsel is not ineffective for telling his client that his client could receive a lengthy sentence if he proceeds to trial rather than accepting a negotiated plea agreement containing an appeal waiver under terms that, for example, bring certainty to the sentencing outcome, tie the Government's hands at sentencing in recommending a sentence, take certain counts off the table for sentencing purposes, or that put certain mitigating factors in play at sentencing such as acceptance of responsibility. In Traylor's situation, an unsuccessful trial outcome on the four counts in the indictment likely would have resulted in a sentencing guideline range of 360 months to life, with the Government fully able to recommend and insist on a sentence of 360 months or higher. But by entering into the plea agreement, Traylor's ultimate guideline range became 262 to 327 months, with the Government bound to recommend a sentence of 262 months.[2] And here, Traylor received a sentence of 262 months, which was consistent with the Government's recommendation.

In short, Traylor has not met his burden to show that he is entitled to equitable tolling. He has not shown extraordinary circumstances, nor has he shown due diligence. Consequently, under the circumstances of this case, the one-year period of limitation of 28 U.S.C. § 2255 expired before Traylor filed his § 2255 motion in this Court.

## CONCLUSION

Accordingly, for the reasons above, it is **ORDERED** and **ADJUDGED** that

---

[2] With the plea agreement and the associated guilty plea, Traylor received a three point reduction in his offense level to 34. Had he proceeded to trial and been convicted on all four counts, his offense level would have been a 37 or more. Because of his career offender status, he held a criminal history category of VI under both scenarios.

the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 2) is **DENIED** without an evidentiary hearing and this case is **DISMISSED WITH PREJUDICE**. To the extent Traylor seeks a certificate of appealability, the request to proceed on appeal is **DENIED** because Traylor has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000). The Clerk is directed to **CLOSE** this case and mail a copy of this Order to Traylor at his address of record.

**DONE** on this the 19th day of February 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE